FILED
Nov 24, 2020
07:02 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
IN THE COURT OF WORKERS' COMPENSATION CLAIMS
AT MURFREESBORO**

| | | |
|---|---|---|
| LORRAIN BERMUDEZ | ) | |
| Employee, | ) | Docket No. 2020-05-0195 |
| | ) | |
| v. | ) | State File No. 61260-2019 |
| | ) | |
| SOUTHERN TENN. MED. CTR., LLC. | ) | |
| | ) | |
| Employer, | ) | Judge Robert Durham |
| And | ) | |
| | ) | |
| SAFETY NAT'L. CAS. CORP., | ) | |
| Carrier. | ) | |

---

### EXPEDITED HEARING ORDER DENYING BENEFITS

---

This case came before the Court on November 18, 2020, for an Expedited Hearing. Ms. Bermudez sought medical and temporary disability benefits for a left-knee injury she allegedly sustained from a fall at work. Southern Tennessee Medical Center (STMC) argued the injury was idiopathic and not primarily caused by her employment. Based on the evidence, the Court holds that Ms. Bermudez is unlikely to prove entitlement to the requested benefits.

### History of Claim[1]

To better understand this claim, the Court will first review Ms. Bermudez's relevant medical history. Ten years ago, she underwent Synvisc injections in both knees due to significant arthritis; however, she asserted she had not sought treatment for her knee arthritis since. Ms. Bermudez also suffered from lymphedema in both legs, which caused her legs to swell, particularly when she was on her feet. To counter the

---

[1] Unless specifically stated otherwise, the facts in this section were undisputed.

1

lymphoma, Ms. Bermudez wore support hose. She also wore a left-knee brace, which she asserted was for additional relief from swelling, although she admitted it also gave her stability. Finally, Ms. Bermudez suffered from uncontrolled hypertension and diabetes.

On August 19, 2019, Ms. Bermudez was working with the food services staff at STMC. She and a co-worker, George Summers, were delivering breakfast. Mr. Summers's affidavit stated that he observed Ms. Bermudez walking with a limp, and she seemed to be in pain. Ms. Bermudez acknowledged that she might have been walking with a slight limp. She was wearing rubber-soled "Skechers" walking shoes that she regularly wore to work.

As Ms. Bermudez and Mr. Summers walked down the hall, she carried two small boxes of muffins weighing less than a pound. Ms. Bermudez testified the boxes had nothing to do with her fall. The concrete floor appeared clean, smooth, and without obstructions, based on Ms. Bermudez's and Mr. Summers's testimonies. Suddenly, she fell to the floor in severe pain. She testified that her left foot "stuck," which caused her to trip and fall face-forward. Mr. Summers stated that he saw no hazard that contributed to her fall, and that Ms. Bermudez did not tell him of anything that might have caused it.

According to the emergency room records, Ms. Bermudez stated that her "knee gave out." The records do not contain any other reference to the cause of her fall. X-rays revealed a left comminuted distal femur fracture. She was then transferred to another hospital for emergency surgery. According to the ambulance report, Ms. Bermudez again stated that her "knee gave out" when asked why she fell.

At the hospital, Ms. Bermudez came under the care of orthopedist Phillip Kregor. His diagnosis was: "1. Status post fall. 2. Pre-existing severe tricompartmental left knee arthritis. 3. Supracondylar intercondylar femur fracture." The injury extended into the knee joint with several loose bone fragments in and around the knee. Dr. Kregor performed an open reduction internal fixation of the femur fracture using thirteen screws to hold it in place.

The day after her fall, Ms. Bermudez gave a recorded statement regarding her injury to STMC's claims adjuster. When asked why she fell, she repeatedly stated that her left knee just "gave out" on her, as in the following exchange:

Q: Okay. What caused you to fall, any contributing factors?
A: No, just my knee giving out.
Q: Uh, again, that's your left knee?
A: Yes.
Q: Okay, and no other contributing factors?
A: No.

2

The adjuster then asked Ms. Bermudez several pointed questions as to any possible hazards that might have caused her to fall, and Ms. Bermudez explicitly denied that any existed. Based on her statement, STMC denied her claim as idiopathic.

At the hearing, Ms. Bermudez testified that she was not suffering any pain or instability in her left knee before her fall, although she did admit to some neuropathy affecting her toes. While acknowledging her past statements that her knee "gave out," she said that her pain and later medication clouded her ability to respond accurately.

Ms. Bermudez repeatedly testified that her foot got "stuck" on the floor, which caused her to trip and fall face-forward. Although she admitted she did not see anything, nor has anyone told her of anything, on the floor that might have caught her foot, she attributed this to the fact that she was in such pain that everyone was focused on getting her off the floor and to the emergency room.

### Findings of Fact and Conclusions of Law

Ms. Bermudez must present evidence from which this Court can determine that she is likely to prove at trial that she is entitled to workers' compensation benefits. *See generally McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

The central issue is causation. To prevail, Ms. Bermudez must prove an accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment[.]" Tenn. Code Ann. § 50-6-102(14)(A) (2019). It is undisputed that she suffered a serious injury that occurred in the course and scope of her employment with STMC. However, she must also show that the injury arose primarily out of her employment. It is here that Ms. Bermudez's claim falls short, since her injury was idiopathic.

"An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless some condition of the employment presents a peculiar or additional hazard." *McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *9 (Dec. 10, 2015) (citations omitted). An idiopathic injury is only compensable if the "accident originated in the hazards to which the employee was exposed as a result of performing his job duties." *Id.* at *10.

Here, the Court finds that Ms. Bermudez did not prove a "peculiar or additional" hazard of employment sufficient to cause an injury arising out of her employment. "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water or a step, in addition to the injured employee's ambulation." *Bullard v. Facilities*

3

*Performance Grp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *11 (Aug. 17, 2018).

Ms. Bermudez did not provide any evidence of external factors that led to her fall. Although she testified at the hearing that her left foot became "stuck," this was not the account she gave to providers immediately following her fall or to the adjuster who took her statement the next day. The adjuster gave Ms. Bermudez every opportunity to identify some environmental factor that led to her fall, but she only said that her left knee "gave out," which was consistent with what she told her providers.

Ms. Bermudez attempted to blame her failure to tell anyone that her foot got stuck on the influence of pain and pain medications. However, on review of her recorded statement, she answered questions regarding her health and medical history with detail and consistency. The Court does not find her credible when she now recants her statement that her knee gave way. Even if the Court did find her credible, Ms. Bermudez's claim for benefits would still fail since she did not identify any employment hazard that could have caused her foot to stick. Thus, she did not show she is likely to prove her injury was not idiopathic.

IT IS, THEREFORE, ORDERED that:

1. Ms. Bermudez's claim for benefits is denied at this time.

2. This case is set for a Scheduling Hearing on January 5, 2021 at 8:30 a.m. Central Time. The parties must call 615-253-0010 or 855-689-9049 toll-free to participate in the Scheduling Hearing. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED on November 23, 2020.**

**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Order of Continuance
5. STMC Pre-Trial Brief

Exhibits:
1. Affidavit of adjuster, Michelle Radford, with attached recorded statement
2. Affidavit of George Summers
3. Notice of Denial
4. Medical Records from STMC
5. Ms. Bermudez's Deposition
6. Operative Report with X-rays from Skyline Hospital
7. Medical Bills
8. Ms. Bermudez's affidavit
9. Wage Statement
10. Emergency Room Report from STMC


**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on November 22, 2020.

| Name | Certified Mail | Via Email | Email Address |
|------|----------------|-----------|---------------|
| **Lorraine Bermudez** | | X | lorrainebermude@aol.com |
| **Clifford Wilson** | | X | cwilson@howardtate.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____


_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*